**AMERICAN MOTORISTS INSURANCE CO. and Thom Gibson, Petitioners,**

v.

**Barbara Anne FODGE, Respondent.**

**No. 00–0547.**

Supreme Court of Texas.

Nov. 15, 2001.

Rehearing Overruled Jan. 31, 2002.

---

Leah Kimberly Steele, Jordan & Carmona, James A. Vaught, Law Office of Edwin J. (Ted) Terry, Jr., Veronica Carmona Czuchna, Jordan & Carmona, Portia J. Bott, Law Office of Portia J. Bott, Austin, for petitioners.

Richard G. Danner, Jr., Dallas, for respondent.

Justice HECHT delivered the opinion of the Court.

The important issue in this case is whether a compensation claimant can prosecute a lawsuit against a carrier to recover benefits and damages resulting from a denial of benefits without a prior determination by the Texas Workers' Compensation Commission that benefits are due her. We hold that she cannot do so, and that her claims must be dismissed or abated, as appropriate. We also hold, however, that she can prosecute her claim that payment of benefits awarded by the Commission was improperly delayed. Accordingly, we reverse the judgment of the court of appeals[1] and remand the case to the trial court.

Barbara Anne Fodge, a data entry operator for Dallas Diagnostic Association, claimed compensation benefits for a back injury she suffered at work on May 31, 1994. The carrier, American Motorists Insurance Co., denied Fodge's claim on two grounds: that her injury was not work-related, and that she did not timely notify her employer of the injury.[2] A Commission benefit review officer determined on April 25, 1995, that Fodge had no disability, but at a benefit contested case hearing on June 20, 1995, the hearing officer found that Fodge had suffered a compensable back injury of which she had timely notified her employer. Fodge and American Motorists stipulated that her disability had lasted twenty days, and the hearing officer ordered payment of temporary income benefits for that period. American Motorists complied. Never in the proceedings at the Commission did Fodge claim medical benefits or complain that American Motorists had denied medical benefits, nor did any medical provider claim payment for medical services provided to Fodge. Neither Fodge nor American Motorists appealed the hearing officer's order.

About five months later, on November 27, 1995, Fodge sued American Motorists for mishandling her claim. Fodge alleged that American Motorists had underpaid and delayed payment of temporary income benefits, denied and delayed payment for medical treatment and prescribed medication, misinformed her that she was not entitled to medical care and could not seek emergency room care without a doctor referral or prior approval, failed to communicate promptly with Fodge, and failed to investigate her claim promptly and reasonably. Fodge asserted causes of action for breach of the duty of good faith and fair

---

1. 64 S.W.3d 43 (Tex.App.—Dallas 2000).

2. TEX. LAB.CODE § 409.001(a) ("An employee or a person acting on the employee's behalf shall notify the employer of the employee of an injury not later than the 30th day after the date on which: (1) the injury occurs....").

dealing, negligence, fraud, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act[3] and Texas Insurance Code. Fodge claimed damages for "the loss of those sums due and owing under the workers compensation insurance policy", mental anguish resulting from her inability to obtain medical care, past and future loss of wages and impairment of credit reputation, statutory damages, and attorney fees.

American Motorists interposed a plea to the jurisdiction and motion to dismiss. It argued that Fodge's claims were all based on a denial of compensation benefits that only the Commission has jurisdiction to award, and that Fodge had never complained to the Commission for additional benefits and thus failed to exhaust her administrative remedies. American Motorists prayed for the dismissal of Fodge's suit for want of jurisdiction and for "such other and further relief" to which it might be entitled.

The trial court granted American Motorists' motion and dismissed the case. The court of appeals reversed and remanded, holding that Fodge's extracontractual claims were unrelated to any claim for compensation benefits and were therefore properly before the trial court.[4] We granted American Motorists' petition for review.[5]

Liberally read, Fodge's petition makes essentially three claims: one for compensation benefits due under the insurance policy, another for damages caused by American Motorists' bad faith denial of those benefits, and a third for damages caused by American Motorists' bad-faith delay in handling Fodge's claim and paying the compensation benefits that were determined to be due. With respect to the first two claims, Fodge's failure to obtain a Commission ruling entitling her to benefits is dispositive.

■■■ As we stated in *Saenz v. Fidelity & Guaranty Insurance Underwriters,* "[T]he Workers' Compensation Act vests the power to award compensation benefits solely in the Workers' Compensation Commission (formerly the Industrial Accident Board), subject to judicial review."[6] The Commission has jurisdiction of disputes over income benefits,[7] preauthorization of medical care,[8] and reimbursement of medical expenses.[9] A Commission hearing officer's decision regarding income benefits is final unless it is appealed.[10] Similarly, a hearing officer's decision regarding the preauthorization of medical treatment is final unless it is appealed,[11] except when a claimant has had a change in condition regarding a request for spinal surgery.[12] A decision regarding reimbursement for medical care is also final, and we have not

---

3. TEX. BUS. & COM.CODE §§ 17.41–.63.

4. 64 S.W.3d at 43.

5. 44 Tex. Sup.Ct. J. 316 (Jan. 11, 2001).

6. 925 S.W.2d 607, 612 (Tex.1996) (citing *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 468 (1949); *Traders & Gen. Ins. Co. v. Bailey,* 127 Tex. 322, 94 S.W.2d 134, 135 (1936); *Commercial Cas. Ins. Co. v. Hilton,* 126 Tex. 497, 87 S.W.2d 1081, 1083 (1935); and TEX. LAB.CODE

§§ 408.001, 410.168–.169, 410.203–.205, 410.208).

7. TEX. LAB.CODE § 409.021.

8. *Id.* § 413.031.

9. *Id.*

10. *Id.* §§ 410.169, 410.205, and 410.301.

11. *Id.* §§ 410.169, 410.205, 410.251–.252, and 410.255.

12. 28 TEX. ADMIN. CODE § 133.206(*l*).

decided whether it can be appealed absent the implication of constitutional rights.[13] American Motorists has paid Fodge all of the income benefits the Commission has awarded her, and the Commission has not ordered any other payments. Accordingly, the trial court here had no jurisdiction over Fodge's claims for temporary income benefits or other "sums due and owing under the workers compensation insurance policy".

■ Because only the Commission can determine a claimant's entitlement to compensation benefits, it follows, as we reasoned in *Saenz*, that "[a]llowing courts to award damages for wrongful deprivation of benefits would circumvent the Commission's jurisdiction" and therefore could not be permitted.[14] Thus, just as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due. Accordingly, Fodge could not recover damages for American Motorists' breach of its duty of good faith to pay her medical expenses if she was not entitled to medical treatment. The court could not adjudicate her damages claim without determining her entitlement to medical treatment, a matter within the Commission's exclusive jurisdiction. Her claim for damages from denied medical treatment is made no more viable simply by restating it under the other legal theories she asserted—negligence, fraud, and statutory violations. To award damages equal to the cost of denied medical care is tantamount to ordering that the care be paid for and would, as we said in *Saenz*, circumvent the Commission's exclu-

sive authority to decide that issue. The same is true for Fodge's other claims for damages based on a denial of benefits.

■ In *Republic Insurance Co. v. Stoker*, we did not exclude the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct were "extreme" and produced damages unrelated to and independent of the policy claim.[15] We cited no examples. *Stoker* did not involve a compensation claim, and for such claims we think that bad faith liability for denial of a non-covered claim is not even a possibility because of the detailed statutory regulation of the processes of making and resolving such claims. Indeed, the Texas Workers' Compensation Insurance Fund argues as amicus curiae that the highly regulated nature of the compensation process should preclude liability for bad faith under any circumstances. While we need not go so far here, we do conclude that the process precludes bad faith liability for denying benefits to which the claimant is not entitled.

■ That brings us to Fodge's damage claims for American Motorists' delay in the payment of compensation benefits. American Motorists now concedes that the trial court had jurisdiction of Fodge's claim that it unduly delayed payment of temporary income benefits, and Fodge is therefore entitled to proceed on that claim. Fodge has also alleged generally—apart from her claim for temporary income benefits—that American Motorists did not promptly communicate with her and did not promptly and reasonably investigate her claim, but to the extent her complaints relate to claims for benefits on which she has never

---

13. *Continental Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402, 404–405 (Tex.2000).

14. *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex.1996).

15. 903 S.W.2d 338, 341 (Tex.1995).

prevailed, nothing in her allegations shows American Motorists acted in a way that would give rise to bad faith liability.

■ If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.[16] Fodge's claims for compensation benefits are within the Commission's exclusive jurisdiction[17] as we have explained and were therefore properly dismissed. Fodge's claims related to the temporary income benefits—delays in communication with Fodge and in payment of the benefits, and an improper investigation—are ripe for adjudication and should not have been dismissed. As for the rest of Fodge's claims, we cannot tell from the record whether they should have been dismissed or only abated. American Motorists argues that the time for Fodge to assert claims for medical benefits in the Commission has expired. If that be true, and she can no longer obtain the benefits she says she should have had, then her damage claims related to American Motorists' refusal to provide her such benefits would no longer be viable and should be dismissed. But Fodge argues, dehors the record, that she has since obtained some medical benefits, provision of which should not have been delayed. It may be, therefore, that some of Fodge's claims should only have been abated.

The trial court erred in dismissing all of Fodge's claims, but the court of appeals erred in requiring that they all be reinstated. The judgment of the court of appeals is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

---

**16.** *See generally Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) (per curiam); *Texas Highway Dept. v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967).

**17.** 925 S.W.2d at 612.