MALISH V. PACIFIC EMPLOYERS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-181-CV

DEBORAH MALISH APPELLANT

V.

PACIFIC EMPLOYERS INSURANCE APPELLEES

COMPANY, CIGNA HEALTHCARE OF

TEXAS, INC., AND ACE AMERICAN 

INSURANCE COMPANY 

------------

FROM THE 141
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Deborah Malish appeals from the trial court’s dismissal of her claims against appellees Pacific Employers Insurance Company, Cigna Healthcare of Texas, Inc., and Ace American Insurance Company (Insurance Companies).  In one issue she contends the trial court erred in granting the Insurance Companies’ Motion for Summary Judgment/Plea to the Jurisdiction/Motion for Dismissal for Failure to Exhaust Administrative Remedies (Dismissal Motion) because she presented evidence that the Texas Workers’ Compensation Commission (TWCC) had determined she was entitled to medical treatment.  We affirm in part and reverse and remand in part.

Malish sued the Insurance Companies for bad faith delay in paying and authorizing medical treatment.  The Insurance Companies filed the Dismissal Motion, claiming that Malish could not maintain a bad faith action against them because she had not obtained any ruling from the TWCC that she was entitled to treatment; therefore, she had not exhausted her remedies before the TWCC.  
See Am. Motorists Ins. Co. v. Fodge
, 63 S.W.3d 801, 804 (Tex. 2001).  The trial court granted the Dismissal Motion.

The attachments to Malish’s response to the Dismissal Motion show that she was injured in 1991 and has received workers’ compensation benefits since then in connection with her injuries.  In January 1999, her psychotherapist, Dr. Shepard Ginandes, requested that the Insurance Companies preauthorize a course of treatment that included physical therapy and psychiatric treatment. They did not do so, but Malish nevertheless obtained the treatment, which her private health insurer paid for.  Malish, Dr. Ginandes, and Dr. Angela Ledington-Fischer, Malish’s physical therapist, each wrote letters during 1999 and 2000 requesting that the Insurance Companies reimburse Malish for the expenses associated with the treatment.  The Insurance Companies did not do so and finally filed a request for medical dispute resolution with the TWCC.  Malish also filed a fee reimbursement dispute with the TWCC in the amount of $3,634.55, requesting that Dr. Ginandes and Dr. Ledington-Fischer be reimbursed for services rendered from June 9, 1999 to May 25, 2000 and that she be reimbursed for the costs of her pain medication incurred during the same time.  There is no TWCC order in the record resolving this dispute.

In April 2001 Malish filed another request for dispute resolution with the TWCC, complaining about the Insurance Companies’ failure to preauthorize treatment requested by Dr. Ginandes.  Attached to the dispute resolution request was a written explanation from Malish, in which she said that on February 4, 2001, Dr. Ginandes requested preauthorization for the following: “behavioral-cognitive and supportive psychotherapy 2 times per month for 1 hour, . . . physical therapy 1 time per week, . . . osteopathic manipulation 1 time per week, . . . medication, . . . TENS unit/supplies and . . . active stretching exercise program.”  The Insurance Companies responded only to the request for psychotherapy, first denying the requested treatment, then approving it two times per month for two months with a review after two months to determine whether continued treatment was necessary.  Both responses indicated that they pertained only to the psychotherapy services requested by Dr. Ginandes. The Medical Review Division of the TWCC subsequently issued an order that Malish was entitled to the psychotherapy treatment requested by Dr. Ginandes. 

The TWCC has exclusive jurisdiction of disputes over income benefits, preauthorization of medical care, and reimbursement of medical expenses.  
See
 
Tex. Lab. Code Ann. 
§ 408.001 (Vernon 1996); 
Fodge
, 63 S.W.3d at 803.  A court has no jurisdiction to award damages based on an insurance company’s denial of preauthorization or failure to reimburse medical expenses if the TWCC has not determined that the claimant is entitled to preauthorization or reimbursement. 
 Fodge
, 63 S.W.3d at 804.  If a claim is not within a court's jurisdiction, and the impediment to jurisdiction cannot be removed, then it must be dismissed;  but if the impediment to jurisdiction could be removed, then the court may abate proceedings to allow a reasonable opportunity for the jurisdictional problem to be cured.  
Id
. at 805.

In Malish’s Second Amended Petition, she states claims for breach of the duty of good faith and fair dealing, the Texas Deceptive Trade Practices Act, article 21.21 of the insurance code, breach of contract, and intentional infliction of emotional distress.  Her claims appear to be based in part on the Insurance Companies’ actions or nonactions with respect to the medical treatment dispute in 1999 and 2000 that was never resolved by the TWCC in addition to their actions or nonactions with respect to the 2001 treatment that the TWCC eventually ordered.  Malish also claims that the Insurance Companies “disobeyed the [TWCC] Order by not paying for the ordered medical treatment in a timely manner.”  She further claims that they “unreasonably delayed providing medical care by their delay in providing support for their denial and their refusal to provide assistance with respect to the process.”  She asks for damages based on extreme emotional distress and further physical injury caused by the alleged delays.

The only TWCC determination in the record before us is the determination that Malish was entitled to the psychotherapy treatment requested by Dr. Ginandes in February 2001.  Accordingly, the trial court properly concluded that it did not have jurisdiction over Malish’s claims to the extent that they are based on the Insurance Companies’ delay in reimbursing expenses for, or preauthorizing, medical care other than the psychotherapy ordered by the TWCC.  
See id
. at 804.  However, the trial court erred in determining that it did not have jurisdiction over Malish’s claims to the extent they are based on the Insurance Companies’ denial of preauthorization for the TWCC-ordered psychotherapy treatment and delay in paying for the treatment once ordered.
(footnote: 1)  
See id
. at 804-05.  Accordingly, we overrule Malish’s sole issue in part and sustain it in part.  

Having overruled in part and sustained in part Malish’s sole issue, we affirm the trial court’s order dismissing Malish’s claims to the extent she complains about the Insurance Companies’ denial of or delay in payment and preauthorization of medical services, including psychotherapy, that are not the subject of the TWCC’s order.  We reverse the trial court’s order to the extent it is based on Malish’s claims related to the Insurance Companies’ denial of or delay in preauthorizing and paying for psychotherapy treatment that the TWCC ordered paid and remand those claims to the trial court.

TERRIE LIVINGSTON

JUSTICE

PANEL A: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: April 24, 2003

FOOTNOTES
1:
The Insurance Companies contend that Malish did not exhaust her administrative remedies regarding her claim that they delayed or denied payment of the TWCC-ordered psychotherapy, claiming that Malish did not submit the bills to them for payment.  However, they cite no authority showing that Malish was required to do so.  Section 410.208 of the labor code authorizes a claimant to bring suit if an insurance carrier refuses or fails to comply with a final TWCC order.  
Tex. Lab. Code Ann. 
§ 410.208 (Vernon 1996).  The TWCC order stated that “the Medical Review Division hereby 
orders
 . . . Pacific Employers Insurance Company, 
to pay
 the reasonable and necessary cost(s) . . . for” the psychotherapy requested by Dr. Ginandes. [Emphasis added.]  In her motion for new trial, Malish submitted an affidavit from Dr. Ginandes’s clerk stating that she had submitted bills to the Insurance Companies.  The Insurance Companies attached to their response a letter from the claims adjustor stating that all bills Malish submitted had been paid.  Thus, this evidence raises a fact issue as to whether the Insurance Companies have complied with the TWCC order.