COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-181-CV
 
DEBORAH MALISH           
           
           
           
           
           
APPELLANT
V.
PACIFIC EMPLOYERS INSURANCE        
           
           
           
       APPELLEES
COMPANY, CIGNA HEALTHCARE OF
TEXAS, INC., AND ACE AMERICAN
INSURANCE COMPANY
------------
FROM THE 141
ST DISTRICT COURT OF
TARRANT COUNTY
------------
OPINION
------------
Appellant Deborah Malish appeals
from the trial court's dismissal of her claims against appellees Pacific
Employers Insurance Company, Cigna Healthcare of Texas, Inc., and Ace American
Insurance Company (Insurance Companies). In one issue she contends the trial
court erred in granting the Insurance Companies' Motion for Summary
Judgment/Plea to the Jurisdiction/Motion for Dismissal for Failure to Exhaust
Administrative Remedies (Dismissal Motion) because she presented evidence that
the Texas Workers' Compensation Commission (TWCC) had determined she was
entitled to medical treatment. We affirm in part and reverse and remand in part.
Malish sued the Insurance Companies
for bad faith delay in paying and authorizing medical treatment. The Insurance
Companies filed the Dismissal Motion, claiming that Malish could not maintain a
bad faith action against them because she had not obtained any ruling from the
TWCC that she was entitled to treatment; therefore, she had not exhausted her
remedies before the TWCC. See Am. Motorists Ins. Co. v. Fodge, 63
S.W.3d 801, 804 (Tex. 2001). The trial court granted the Dismissal Motion.
The attachments to Malish's
response to the Dismissal Motion show that she was injured in 1991 and has
received workers' compensation benefits since then in connection with her
injuries. In January 1999, her psychotherapist, Dr. Shepard Ginandes, requested
that the Insurance Companies preauthorize a course of treatment that included
physical therapy and psychiatric treatment. They did not do so, but Malish
nevertheless obtained the treatment, which her private health insurer paid for.
Malish, Dr. Ginandes, and Dr. Angela Ledington-Fischer, Malish's physical
therapist, each wrote letters during 1999 and 2000 requesting that the Insurance
Companies reimburse Malish for the expenses associated with the treatment. The
Insurance Companies did not do so and finally filed a request for medical
dispute resolution with the TWCC. Malish also filed a fee reimbursement dispute
with the TWCC in the amount of $3,634.55, requesting that Dr. Ginandes and Dr.
Ledington-Fischer be reimbursed for services rendered from June 9, 1999 to May
25, 2000 and that she be reimbursed for the costs of her pain medication
incurred during the same time. There is no TWCC order in the record resolving
this dispute.
In April 2001 Malish filed another
request for dispute resolution with the TWCC, complaining about the Insurance
Companies' failure to preauthorize treatment requested by Dr. Ginandes. Attached
to the dispute resolution request was a written explanation from Malish, in
which she said that on February 4, 2001, Dr. Ginandes requested preauthorization
for the following: "behavioral-cognitive and supportive psychotherapy 2
times per month for 1 hour, . . . physical therapy 1 time per week, . . .
osteopathic manipulation 1 time per week, . . . medication, . . . TENS
unit/supplies and . . . active stretching exercise program." The Insurance
Companies responded only to the request for psychotherapy, first denying the
requested treatment, then approving it two times per month for two months with a
review after two months to determine whether continued treatment was necessary.
Both responses indicated that they pertained only to the psychotherapy services
requested by Dr. Ginandes. The Medical Review Division of the TWCC subsequently
issued an order that Malish was entitled to the psychotherapy treatment
requested by Dr. Ginandes.
The TWCC has exclusive jurisdiction
of disputes over income benefits, preauthorization of medical care, and
reimbursement of medical expenses. See Tex. Lab. Code Ann. § 408.001
(Vernon 1996); Fodge, 63 S.W.3d at 803. A court has no jurisdiction to
award damages based on an insurance company's denial of preauthorization or
failure to reimburse medical expenses if the TWCC has not determined that the
claimant is entitled to preauthorization or reimbursement. Fodge, 63
S.W.3d at 804. If a claim is not within a court's jurisdiction, and the
impediment to jurisdiction cannot be removed, then it must be dismissed; but if
the impediment to jurisdiction could be removed, then the court may abate
proceedings to allow a reasonable opportunity for the jurisdictional problem to
be cured. Id. at 805.
In Malish's Second Amended
Petition, she states claims for breach of the duty of good faith and fair
dealing, the Texas Deceptive Trade Practices Act, article 21.21 of the insurance
code, breach of contract, and intentional infliction of emotional distress. Her
claims appear to be based in part on the Insurance Companies' actions or
nonactions with respect to the medical treatment dispute in 1999 and 2000 that
was never resolved by the TWCC in addition to their actions or nonactions with
respect to the 2001 treatment that the TWCC eventually ordered. Malish also
claims that the Insurance Companies "disobeyed the [TWCC] Order by not
paying for the ordered medical treatment in a timely manner." She further
claims that they "unreasonably delayed providing medical care by their
delay in providing support for their denial and their refusal to provide
assistance with respect to the process." She asks for damages based on
extreme emotional distress and further physical injury caused by the alleged
delays.
The only TWCC determination in the
record before us is the determination that Malish was entitled to the
psychotherapy treatment requested by Dr. Ginandes in February 2001. Accordingly,
the trial court properly concluded that it did not have jurisdiction over
Malish's claims to the extent that they are based on the Insurance Companies'
delay in reimbursing expenses for, or preauthorizing, medical care other than
the psychotherapy ordered by the TWCC. See id. at 804. However, the
trial court erred in determining that it did not have jurisdiction over Malish's
claims to the extent they are based on the Insurance Companies' denial of
preauthorization for the TWCC-ordered psychotherapy treatment and delay in
paying for the treatment once ordered.(1)  See
id. at 804-05. Accordingly, we overrule Malish's sole issue in part and
sustain it in part.
Having overruled in part and
sustained in part Malish's sole issue, we affirm the trial court's order
dismissing Malish's claims to the extent she complains about the Insurance
Companies' denial of or delay in payment and preauthorization of medical
services, including psychotherapy, that are not the subject of the TWCC's order.
We reverse the trial court's order to the extent it is based on Malish's claims
related to the Insurance Companies' denial of or delay in preauthorizing and
paying for psychotherapy treatment that the TWCC ordered paid and remand those
claims to the trial court.
 
           
           
           
           
           
        TERRIE
LIVINGSTON
           
           
           
           
           
        JUSTICE
 
PANEL A: DAY, LIVINGSTON, and
DAUPHINOT, JJ.
DELIVERED: April 24, 2003

1.  The Insurance Companies contend that Malish did
not exhaust her administrative remedies regarding her claim that they delayed or
denied payment of the TWCC-ordered psychotherapy, claiming that Malish did not
submit the bills to them for payment. However, they cite no authority showing
that Malish was required to do so. Section 410.208 of the labor code authorizes
a claimant to bring suit if an insurance carrier refuses or fails to comply with
a final TWCC order. Tex. Lab. Code Ann. § 410.208 (Vernon 1996). The TWCC order
stated that "the Medical Review Division hereby orders . . .
Pacific Employers Insurance Company, to pay the reasonable and
necessary cost(s) . . . for" the psychotherapy requested by Dr. Ginandes.
[Emphasis added.] In her motion for new trial, Malish submitted an affidavit
from Dr. Ginandes's clerk stating that she had submitted bills to the Insurance
Companies. The Insurance Companies attached to their response a letter from the
claims adjustor stating that all bills Malish submitted had been paid. Thus,
this evidence raises a fact issue as to whether the Insurance Companies have
complied with the TWCC order.