Opinion issued January 29, 2004













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01251-CV




SARA MACIAS, INDIVIDUALLY, AS REPRESENTATIVE FOR
THE ESTATE OF MANUEL MACIAS, AND AS NEXT FRIEND OF
NANCY CATALINA MACIAS, SARA MARIA MACIAS,
VERONICA MACIAS, JOSE MANUEL MACIAS,
ANNA MACIAS, AND ENRIQUE MACIAS, Appellant

V.

JOSIE C. SCHWEDLER, HELEN HARDY, CRAWFORD & COMPANY,
CNA INSURANCE COMPANY, NOW KNOWN AS RSKCO, RSKCO,
CONTINENTAL CASUALTY CO., REHABCORP INC., KATHERINE
BLANCHETTE, M.D., AND WILLIAM H. MATTHEWS, M.D., Appellees




On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2001-37612




O P I N I O N
          Appellant, Sara Macias, individually, as representative for the Estate of Manuel
Macias, and as next friend of Nancy Catalina Macias, Sara Maria Macias, Veronica
Macias, Jose Manuel Macias, Anna Macias, and Enrique Macias (collectively,
Macias), appeals the dismissal, for lack of subject-matter jurisdiction, of her wrongful
death suit against CNA Insurance Company, now known as RSKCo, and Continental
Casualty Company, the workers’ compensation insurance carriers for the employer
of decedent Manuel Macias; the claim administrator, Crawford & Company and its
employees, Josie C. Schwedler, Helen Hardy, and Bobbie J. Badger, R.N.; and those
hired to investigate Manuel Macias’s claim, Rehabcorp Inc., Katherine Blanchette,
M.D., and William H. Matthews, M.D. We affirm. 
BACKGROUND
          We present the following facts as alleged in Macias’s fifth amended original
petition: Manuel Macias was injured as he was walking into a plant to report to work
when his ankle rolled on the edge of the roadway causing him to fall and injure his
ankle, knee, buttocks, back, and body in general and aggravating his pre-existing
spinal arthritis. He made a claim against his workers’ compensation insurer, which
was either CNA or Continental Casualty Company. The carrier filed a notice of
disputed claim and hired doctors to provide the carrier with false and fraudulent
medical conclusions and refused to consider proper treatment or to perform the
necessary diagnostic tests for the injuries to Manuel Macias’s back and the
aggravation of his pre-existing arthritis.


 Upon learning that the carrier was refusing
treatment for his back and the aggravated arthritis, Manuel Macias became
despondent and committed suicide. 
          After her husband’s death, Sara Macias, individually and on behalf of her
husband’s estate and their children, sued the companies and their employees that were
involved in investigation and denial of the workers’ compensation claim. Macias
alleged that the defendants: 
1.Knowingly violated article 21.21 of the Texas Insurance Code by
making false representations regarding the nature of the injury;
failed to attempt in good faith to make a prompt, fair, and
equitable settlement of the claim; refused to pay the claim without
a reasonable investigation; hired biased doctors and medical
reviewers whose task was to provide false and misleading
conclusions about the injuries; made other untrue statements; and
failed to provide necessary facts. 
 
2.Engaged in fraud and unfair settlement practices through
defendants Rehabcorp, Inc., Dr. Blanchette, and Dr. Matthews,
who, without an examination of Manuel Macias, provided false,
misleading, and fraudulent statements that Manuel Macias
suffered only a sprained ankle, that an appropriate date for ending
treatment should have been 02/12/00, and that there was no direct
injury to the spine pertaining to the work incident, despite the fact
that the adjuster’s medical records contained information that the
pre-existing arthritis had been severely aggravated by the
workplace injury.
 
3.Were liable for intentional infliction of emotional distress by
making, publicizing, and stating to Manuel Macias and his family
the false and fraudulent statements concerning the injury and
medical records; by making these false statements knowingly
despite the defendants’ knowledge of the truth of Manuel
Macias’s condition; by falsely and fraudulently stating to Manuel
Macias that his injury was one of only two percent whole-body
impairment, that his benefits were exhausted, and that his injury
was limited to his ankle; and by not disclosing that his injury was
an aggravation of his pre-existing arthritis. 

          Schwedler, Hardy, and Crawford & Company filed a motion to dismiss
Macias’s suit for lack of jurisdiction on the ground that Macias’s petition did not state
facts showing that the decedent or the plaintiff had exhausted their remedies before
the Texas Workers’ Compensation Commission, and the trial court had no
jurisdiction to adjudicate Manuel Macias’s claim for workers’ compensation benefits. 
The trial court granted the motion to dismiss. Macias presents five issues attacking
the dismissal of her lawsuit. In her first three issues, Macias contends that the trial
court erred in granting the dismissal because this is not a suit to recover compensation
benefits as damages, there is no determination of benefits or medical treatment for the
Commission to make, and therefore, there is no need to exhaust administrative
remedies under the Texas Workers’ Compensation Act (the Act). In her fourth issue,
Macias contends that the trial court erred by granting a dismissal against the doctor
defendants because they are not covered by the Act. In her fifth issue, Macias
contends, in the alternative, that the trial court should have granted an abatement
rather than a dismissal.
DISCUSSION
Standard of Review
          The existence of subject-matter jurisdiction is a matter of law; therefore, we
review a trial court’s ruling on a plea to the jurisdiction de novo. Mayhew v. Town
of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a trial court’s dismissal
for lack of subject-matter jurisdiction, we examine the plaintiff’s pleadings to
determine whether they affirmatively show that the trial court had subject-matter
jurisdiction. Continental Cas. Ins. Co. v. Functional Restoration Assoc., 19 S.W.3d
393, 404 (Tex. 2000). 
Exhaustion of Remedies
          Macias first contends that she is not required to exhaust administrative
remedies before filing her wrongful death suit because the suit was not brought to
recover compensation benefits as damages, but is a suit for fraud, breach of the duty
of good faith and fair dealing, unfair settlement practices, misrepresentation of an
insurance policy, and intentional infliction of emotional distress resulting in the
wrongful death of her husband. She argues that the calculation of damages under
these theories of recovery does not require a benefits determination and that the
liability is distinct and separate from the carrier’s liability for benefits or medical
treatment under the Act. 
          Appellees respond that American Motorists Insurance Co. v. Fodge is
dispositive of this case. See Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801 (Tex.
2001). In Fodge, the plaintiff filed a workers’ compensation claim, which was
initially denied. Id. at 802. A hearing officer then found a compensable injury and
entered an order for the payment of temporary income benefits. Id. The carrier
complied with the order. Id. Later, the plaintiff sued the carrier, alleging (1) that
compensation benefits were due under the insurance policy, (2) that damages were
caused by the bad faith denial of those benefits, and (3) that damages were caused by
the bad faith delay in handling the claim and paying the benefits that were determined
to be due. Id. at 803. The supreme court determined that the first two claims had to
be dismissed or abated. Id. 802. The court stated that “just as a court cannot award
compensation benefits, except on appeal from a Commission ruling, neither can it
award damages for a denial in payment of compensation benefits without a
determination by the Commission that such benefits were due.” Id. at 804. The
court, applying this principle to the plaintiff, said that the plaintiff could not recover
damages for the breach of duty of good faith to pay medical expenses if she was not
entitled to medical treatment, and the trial court could not adjudicate the plaintiff’s
bad-faith claim without determining her entitlement to medical treatment. Id. The
court continued, “Her claim for damages from denied medical treatment is made no
more viable simply by restating it under the other legal theories she
asserted–negligence, fraud, and statutory violations.” Id. 
          We agree that Fodge is dispositive of this case. Without a factual
determination that Manuel Macias’s back injury and aggravated spinal arthritis are
compensable injuries, a fact finder cannot find that the defendants breached their duty
of good faith and fair dealing, that the carriers engaged in unfair settlement practices,
or that the adjusters and medical reviewers made false and misleading statements
concerning the compensable injury. Only the Commission can make the
determination that the claimed injuries were compensable, and no such determination
appears in this record. Therefore, the trial court had no jurisdiction to adjudicate
Macias’s claims. 
          Macias, relying on our standard of review, asserts, “Even if Mr. Macias was not
entitled to benefits or medical treatment, [except for] what had already been paid, the
defendants’ conduct amounted to fraud, intentional infliction of emotional distress,
unfair settlement practices, misrepresentation of an insurance policy, and breach of
the duty of good faith and fair dealing.” Macias ignores that each of these grounds
of recovery is based on Macias’s assertion that benefits for Manuel Macias were
wrongly denied. Therefore, the basis for the denial of benefits is central to the
lawsuit.
          Macias asserts that Fodge “held that, if the denial of benefits were extreme and
produced damages unrelated to and independent of the policy claim, then jurisdiction
would be present.” See id. at 804 (emphasis added). Fodge did not make this
holding. Fodge was referring to an earlier case, which did not involve a
compensation claim, and stated that, for compensation claims, “[W]e think that bad
faith liability for denial of a non-covered claim is not even a possibility because of
the detailed statutory regulation of the processes of making and resolving such
claims. . . . [W]e do conclude that the process precludes bad faith liability for
denying benefits to which the claimant is not entitled.” Id. 
          In our case, Manuel Macias was not entitled to medical benefits related to his
back injury and aggravated spinal arthritis. There is no evidence in the record that
Manuel Macias exhausted his remedies with respect to the denial of those claims. 
Therefore, the trial court did not have jurisdiction to adjudicate Macias’s claims for
damages resulting from the denial of those claims, and the trial court did not err in
granting the motion to dismiss. Accordingly, we overrule Macias’s first three issues. 
 

Doctor Defendants
          In her fourth issue, Macias contends that the claims against the doctor
defendants, Blanchette and Matthews, should not have been dismissed because the
Act does not apply to them. She argues that she has alleged independent causes of
action for fraud and intentional infliction of emotional distress against the doctor
defendants. 
          The logic of Fodge applies to the doctor defendants as well as to the carrier
defendants. The trial court could not adjudicate the claims against Blanchette and
Matthews without a determination of the validity of Manuel Macias’s claim for
benefits. Such a determination may not be made by the trial court without a final
determination by the Commission. Therefore, the trial court did not err in dismissing
the suit against all defendants. We overrule Macias’s fourth issue. 
Abatement
          In her fifth issue, Macias contends that the trial court should have granted an
abatement rather than a dismissal, citing Fodge. See id. at 805 (stating that if claim
is not within court’s jurisdiction and impediment to jurisdiction can be removed,
court may abate to allow reasonable opportunity to cure problem). 
          In the trial court, Macias argued that nothing would be accomplished by
abating the case because Macias would not be able to seek additional benefits from
the Commission. In her response to the defendant’s motion to dismiss or abate,
Macias requested that the motion be in all things denied. Therefore, Macias has
waived her fifth issue. See Tex. R. App. P. 33.1.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.