United States Court of Appeals
Fifth Circuit

**F I L E D**

February 2, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-10182
Summary Calendar

ADAM R. MILLER,

Plaintiff-Appellant,

versus

AMERICAN INTERNATIONAL GROUP, INC.;
THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA;
AIG CLAIMS SERVICES, INC.;
TEXAS WORKERS COMPENSATION COMMISSION,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:02-CV-553-P)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adam R. Miller appeals, *pro se*, the dismissal of his complaint, which claims the wrongful denial of workers' compensation benefits. The action was removed to federal court after Miller amended his complaint in state court, claiming the defendants violated the Constitution and federal laws. The district court dismissed the federal claims with prejudice,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to F_ED. R. C_IV. P. 12(b); declined to exercise supplemental jurisdiction over the state law claims; and dismissed them without prejudice.

Contrary to Miller's contention, the record reflects: the procedures used by the district court were fair; and Miller was afforded ample opportunity to state his best case. *See* **Bazrowx v. Scott**, 136 F.3d 1053, 1054 (5th Cir.), *cert. denied*, 525 U.S. 865 (1998).

With one exception, Miller's conclusional appellate contentions do not explain how the district court erred. *Pro se* briefs are afforded liberal construction, *see* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); nevertheless, *pro se* litigants must brief contentions in order to preserve them. **Yohey v. Collins**, 985 F.2d 222, 224-25 (5th Cir. 1993). With the exception of Miller's bad-faith claim against the workers' compensation insurer, which arises under state law, the district court's dismissal with prejudice of Miller's federal claims is **AFFIRMED**.

Concerning that bad-faith claim, the district court may have erred in determining that a Texas workers' compensation claimant cannot maintain such a claim. *See, e.g.,* **American Motorists Ins. Co. v. Fodge**, 63 S.W.3d 801, 802 (Tex. 2001). Because this claim sounded in state tort law only, however, it should have been dismissed without prejudice, as were Miller's other state law claims. Accordingly, that part of the judgment dismissing this

claim with prejudice is **VACATED** and this case is **REMANDED**, so that judgment may be corrected to reflect that the bad-faith claim is dismissed without prejudice.

*AFFIRMED IN PART; VACATED IN PART; AND REMANDED*