Fortis Benefits v. Cantu















IN THE
TENTH COURT OF APPEALS
 

No. 10-04-00036-CV

Â Â Â Â Â FORTIS BENEFITS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â VANESSA CANTU,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 249-87-98
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Counsel for Appellant notified the Clerk of this Court by letter dated February 24, 2004
that this appeal is interlocutory because the judgment being appealed does not dispose of all
parties and claims. The Clerk notified the parties that the appeal would be dismissed for want
of jurisdiction if a response showing grounds for continuing the appeal was not filed within 10
days. No response has been filed. Accordingly, the appeal is dismissed. See Tex. R. App. P.
42.3(a).


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna
Appeal dismissed
Opinion delivered and filed April 21, 2004
[CV06]



 of contract and seeks recovery of the
$11,868.02 as special damages.  Service Lloyds filed a motion to dismiss for
lack of jurisdiction, asserting that the trial court lacked subject-matter
jurisdiction because Bestor had not exhausted his administrative remedies relating
to the $11,868.02 before the Texas WorkersÂ Compensation Commission (now the
Texas Department of Insurance, Division of WorkersÂ Compensation).Â  The trial
court granted Service LloydsÂ motion to dismiss and dismissed the suit.Â 
Service Lloyds also filed a motion for summary judgment on the ground that
Bestor was not entitled to recover those attorneyÂs fees as damages for breach
of contract as a matter of law because subsection 408.221(b) mandates that
attorneyÂs fees in a workerÂs compensation case are payable out of the
claimantÂs recovery, and the trial court alternatively granted that motion.

Bestor contends in his first issue that
his breach of contract claim is not barred by the workersÂ compensation
exclusivity provision and that the trial court has subject-matter jurisdiction
over his breach-of-contract claim.

Whether the trial court has subject-matter
jurisdiction is a question of law that we review de novo.Â  Texas
Natural Resources CommÂn v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).Â  The
plaintiff has the burden of alleging facts that affirmatively establish the
trial courtÂs subject-matter jurisdiction.Â  Texas AssÂn Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).

Â Â Â Â Â Â Â Â Â Â Â  BestorÂs breach-of-contract
theory begins with the correct assertion that a workersÂ compensation insurance
policy is a three-party contract between the carrier, the employer, and the
employee.Â  See Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 212 (Tex. 1988).Â  The carrier owes the employee a duty of good faith and fair dealing:Â  a duty
on the part of the carrier to deal fairly and in good faith with an injured
employee in the processing of a workerÂs compensation claim.Â  See id. at
212-13.Â  Bestor then latches on to ArandaÂs statement that Âaccompanying
every contract is a common law duty to perform with care, skill, reasonable
expedience and faithfulness the thing agreed to be done, and a negligent
failure to observe any of these conditions is a tort as well as a breach of contract.ÂÂ 
 Id. at 212 (quoting Montgomery Ward & Co. v. Scharrenbeck,
146 Tex. 153, 157, 204 S.W.2d 508, 510 (1947)).Â  Bestor thus concludes, based
on Aranda and Arnold v. NatÂl County Mut. Fire Ins. Co., that he
can bring a breach-of-contract claim to recover the attorneyÂs fees as special
damages and that he need not have exhausted his administrative remedies because
those damages arose from the contractual relationship, rather than from his
on-the-job injury.[1]Â 
 Arnold v. NatÂl County Mut. Fire Ins. Co., 725 S.W.2d 165, 168
& n.1 (Tex. 1987) (recognizing that both a breach-of-contract claim on an
insurance policy and a claim for breach of duty of good faith and fair dealing can
be brought by insured), modified on other grounds by Murray v. San Jacinto Agency, 800 S.W.2d 826, 829 (Tex. 1990), and Universe Life Ins. Co. v.
Giles, 950 S.W.2d 48 (Tex. 1997).


Â Â Â Â Â Â Â Â Â Â Â  BestorÂs theory has some logic
to it, but it nevertheless must yield to the requirement that he have exhausted
his claim administratively.

Â Â Â Â Â Â Â Â Â Â Â  Texas district courts have Âexclusive,
appellate, and original jurisdiction of all actions, proceedings, and remedies,
except in cases [in which jurisdiction is] conferred . . . on some other court,
tribunal, or administrative body.ÂÂ  Tex.
Const. art.Â  V, Â§ 8 (emphasis added).Â  An administrative agency has
exclusive jurisdiction when the Legislature grants it the sole authority to
make an initial determination in a dispute; in such matters, a complaining
party must exhaust administrative remedies before seeking review in district
court.Â  In re Entergy Corp., 142 S.W.3d 316, 321-22 (Tex. 2004).Â  Until
the party has satisfied the exhaustion requirement, the trial court lacks
subject-matter jurisdiction and must dismiss without prejudice those claims
within the agency's exclusive jurisdiction.Â  Subaru of Am. v. David McDavid
Nissan, 84 S.W.3d 212, 221 (Tex. 2002).

Â 

Blue
Cross Blue Shield of Tex. v. Duenez,
201 S.W.3d 674, 675 (Tex. 2006).

Â 

Â Â Â Â Â Â Â Â Â Â Â  ÂUnder the exclusive
jurisdiction doctrine, the Legislature grants an administrative agency the sole
authority to make the initial determination in a dispute.ÂÂ  Subaru of Am.,
Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002).Â  If an
agency has exclusive jurisdiction, courts have no subject matter jurisdiction
over the dispute until the party has exhausted all of the administrative
remedies within the agency.Â  See In re Entergy Corp., 142 S.W.3d 316,
321-22 (Tex. 2004); Subaru of Am., Inc., 84 S.W.3d at 221.Â  Absent
subject matter jurisdiction, the trial court must dismiss any claim within the
agencyÂs exclusive jurisdiction.Â  See In re Entergy Corp., 142 S.W.3d at
322.

Â 

The Texas WorkersÂ Compensation Act
provides that the recovery of workersÂ compensation benefits is the exclusive
remedy of an employee covered by workersÂ compensation insurance for a
work-related injury.Â  See Tex.
Lab. Code Ann. Â§ 408.001(a) (Vernon 2006).Â  ÂThe WorkersÂ Compensation
Act vests the power to award compensation benefits solely in the WorkersÂ
Compensation Commission, subject to judicial review.ÂÂ  Am. Motorists Co. v.
Fodge, 63 S.W.3d 801, 803 (Tex. 2001) (citing Saenz v. Fid. & Guar.
Ins. Underwriters, 925 S.W.2d 607, 612 (Tex. 1996)).Â  See Tex. Lab. Code Ann. Â§Â§ 408.001(a), 410.168-.169,
.203-.205, .208 (Vernon 2006).

Â 

Roskey v. Continental Cas. Co., 190 S.W.3d 875, 880 (Tex. App.ÂDallas
2006, pet. denied); see also American Motorists Ins. Co. v. Fodge, 63
S.W.3d 801, 804-05 (Tex. 2001); In re Am. Cas. Co. of Reading, Pa., 233 S.W.3d 925, 928 (Tex. App.ÂWaco 2007, orig. proceeding).

The determination of whether any type of
claim is within the exclusive jurisdiction of the Commission depends on whether
the claim is based on a claimantÂs entitlement to benefits.Â  See In re Texas Mut. Ins. Co., 157 S.W.3d 75, 81 (Tex. App.ÂAustin 2004, no pet.) (citing Fodge,
63 S.W.3d at 805).Â  The issue is not whether a particular type of claim, such
as a tort or statutory claim, is within the exclusive jurisdiction of the
Commission.Â  Rather, the determination of whether any type of claim is within
the exclusive jurisdiction of the Commission depends on whether the claim is
based on an alleged delay or denial of a workersÂ compensation benefit.

Â 

Pickett v. Tex. Mut. Ins. Co., 239 S.W.3d 826, 835-36 (Tex. App.ÂAustin 2007, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  Based on the above, we hold
that BestorÂs claim for attorneyÂs feesÂwhether grounded in contract or tortÂis
based on Service LloydsÂ dispute of BestorÂs entitlement to workersÂ
compensation benefits and is thus within the DivisionÂs exclusive jurisdiction.Â 
Furthermore, a Division of WorkersÂ Compensation administrative rule governs the
procedure for contesting the award of attorneyÂs fees in workersÂ compensation administrative
proceedings.Â  Rule 152.3 provides in part:

(d)
Except as provided in subsection (e) of this section, an attorney, claimant,
or carrier who contests the fee fixed and approved by the commission shall
request a benefit contested case hearing. Â The request shall be made by
personal delivery or first class mail and be filed with the commission field
office handling the claim or the central office of the commission no later than
the 15th day after receipt of the commissionÂs order. Â A claimant may request a
hearing by contacting the commission in any manner no later than the 15th day
after receipt of the commission's order. Â The contesting party other than a
claimant shall send a copy of the request by personal delivery or first class
mail to the carrier and the other parties, including the claimant and attorney.


(e)
An attorney, claimant, or carrier who contests the fee ordered by a hearing
officer after a benefit contested case hearing shall request review by the
appeals panel pursuant to the provisions of Â§ 143.3 of this title (relating
to Requesting the Appeals Panel To Review the Decision of the Hearing Officer).

Â 

28 Tex.
Admin. Code Â§ 152.3(d, e) (emphases added).

Section 408.221 of the Labor Code,
entitled ÂAttorneyÂs Fees Paid to ClaimantÂs Counsel,Â is also part of the
DivisionÂs administrative scheme for the award of attorneyÂs fees to a
claimantÂs attorney, and it provides in pertinent part:

Â Â Â Â Â Â Â Â Â Â Â  (a) An attorneyÂs fee,
including a contingency fee, for representing a claimant before the division or
court under this subtitle must be approved by the commissioner or court.

Â 

Â Â Â Â Â Â Â Â Â Â Â  (b) Except as otherwise
provided, an attorneyÂs fee under this section is based on the attorneyÂs time
and expenses according to written evidence presented to the division or court.Â 
Except as provided by Subsection (c) or Section 408.147(c), the attorneyÂs
fee shall be paid from the claimantÂs recovery.[2]

Â 

Tex. Lab. Code
Ann. Â§ 408.221(a, b)
(emphasis added).

Therefore, in addition to BestorÂs
attorneyÂs fee claim being based on Service LloydsÂ dispute of BestorÂs entitlement
to workersÂ compensation benefits, a pervasive administrative and statutory
scheme exists for the award and payment of a claimantÂs attorneyÂs fees in the
administrative phase of a workersÂ compensation proceeding.

Bestor was required to have exhausted
administratively his attempt to have his administrative attorneyÂs fees paid by
Service Lloyds, rather than having them deducted from his recovery.Â  See
Fodge, 63 S.W.3d at 804-06; Pickett, 239 S.W.3d at 835-36, 838; Roskey,
190 S.W.3d at 880-81; see also Duenez, 201 S.W.3d at 675-76 (holding
that claimant was required but failed to exhaust administrative remedies for
declaratory judgment claim and attorneyÂs fees over state employeeÂs insurance
coverage because that action and the injunction sought directly related to
Âpayment of a claimÂ).

The trial court lacked subject-matter
jurisdiction over BestorÂs claim for attorneyÂs fees and properly granted
Service LloydÂs motion to dismiss.Â  We overrule BestorÂs first issue and need
not address his second issue relating to the trial courtÂs alternative grant of
summary judgment.Â  The trial courtÂs order dismissing BestorÂs case is
affirmed.

Â 

Â 

BILL VANCE

Justice

Â 

Â 

Before Chief
Justice Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice
Reyna

(Chief Justice Gray concurs in the judgment
of the Court to the extent it affirms the trial courtÂs judgment of dismissal.Â 
A separate opinion will not issue.)

Affirmed

Opinion
delivered and filed November 26, 2008

[CV06]








Â 









[1] At the hearing on Service LloydsÂ plea
to the jurisdiction, BestorÂs attorney candidly admitted that the
breach-of-contract cause of action was a variation of a bad-faith cause of
action, that the two claimsÂ underlying principle (unreasonable denial of a
claim) is the same, but that he is pursuing it simply as a breach-of-contract
claim.Â  His petition reads likewise:

The decision of [Service Lloyds] to
dispute the compensability of [BestorÂs] claimed lower back injury over sixty
(60) days after [Service LloydsÂ] first written notice of [BestorÂs] claim was
legally erroneous in that under Section 409.021, Texas Labor Code, there is a
strict sixty (60) day time limit for making such disputes.Â  Despite its
knowledge of these clear, well established statutory standards, [Service
Lloyds] breached the aforesaid insurance contract by wrongfully disputing the
compensability of [BestorÂs] claimed lower back injury.Â  As a result of such
wrongful dispute, it was necessary for [Bestor] to secure the services of an
attorney to defend himself from [Service LloydsÂ] legally erroneous dispute
before the Texas Department of Insurance, Division of WorkerÂs Compensation.





[2]
Neither statutory exception applies to BestorÂs claim.