

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00295-CV

**TEXAS MUTUAL INSURANCE COMPANY**,
Appellant

v.

Noel **VASQUEZ**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2013CVT000531D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  May 13, 2015

PLEA TO THE JURISDICTION GRANTED, ORDER VACATED

In two issues, Texas Mutual Insurance Company argues the trial court erred (1) in denying its plea to the jurisdiction and (2) in ordering it to pay income benefits and sanctions. We conclude that the trial court lacked subject matter jurisdiction over the parties' dispute. We, therefore, grant the plea to the jurisdiction and vacate the trial court's order for the payment of income benefits and sanctions.

**BACKGROUND**

Texas Mutual provides workers' compensation insurance to Texas employers to cover the claims of workers injured in the course and scope of their employment. Texas Mutual paid Noel Vasquez income benefits based on its assessment that he was in the course and scope of his employment when he was injured in a motor vehicle accident. Vasquez subsequently reached a settlement with a third party for liability for his damages resulting from the accident. Vasquez's settlement was obtained after he intervened in a suit brought by Richard Mendoza against BORCO, LP and others. In the suit, Mendoza and Vasquez alleged that they were injured in the motor vehicle accident as a result of BORCO's negligence. Texas Mutual was not a party to this suit. Mendoza settled and nonsuited his case, leaving only Vasquez's claims. Thereafter, BORCO advised the trial court by letter that Vasquez and all the defendants had reached a settlement and that the parties would submit the "agreed dismissal paperwork shortly."

After learning that Vasquez had reached a settlement, Texas Mutual advised Vasquez that it would continue to pay income benefits from the date of the settlement through funding of the settlement, if Vasquez agreed to reimburse those income benefits upon funding of the settlement. Vasquez rejected this proposal, and Texas Mutual stopped paying income benefits to Vasquez. Vasquez then filed a pleading in the trial court titled, "Motion to Compel Compensation Carrier to Provide Benefits and Petition for Bad Faith" in which he sought the "immediate restart of the workers['] compensation benefits," attorney's fees, and "[b]ad faith damages" against Texas Mutual.

The trial court held a hearing on Vasquez's motion/petition. Texas Mutual did not appear at the hearing, which was held prior to its answer date. The trial court granted the relief requested by Vasquez, and ordered Texas Mutual to pay Vasquez "past unpaid Worker's Compensation benefits within three (3) days of receipt of this Order, in the amount of $3,464.40" and to "continue

to make said payments to [Vasquez] each and every subsequent Friday in the gross amount of $692.99 until such time as a 'recovery' is had." The trial court also ordered Texas Mutual to pay $2,000.00 to Vasquez's attorney "as a sanction for [its] bad faith."

Thereafter, Texas Mutual filed a plea to the jurisdiction, arguing that the trial court had no jurisdiction over the dispute between it and Vasquez because no determination concerning the payment of income benefits had been made by the Division of Workers' Compensation (DWC). Texas Mutual also filed a motion for reconsideration of the order requiring it to pay workers' compensation benefits and sanctions. The trial court held a hearing on the plea to the jurisdiction and motion for reconsideration. Both Texas Mutual and Vasquez appeared at this hearing. Thereafter, the trial court signed an order denying Texas Mutual's motion for reconsideration, effectively denying the plea to the jurisdiction and reaffirming its order compelling Texas Mutual to pay workers' compensation benefits to Vasquez and sanctioning Texas Mutual. Texas Mutual appealed.

## DISCUSSION

In its first issue, Texas Mutual argues the trial court should have granted its plea to the jurisdiction because it lacked subject matter jurisdiction over the parties' dispute concerning the payment of income benefits. Texas Mutual contends Vasquez failed to exhaust administrative remedies with the Division of Workers' Compensation (DWC) as required under the Texas Workers' Compensation Act.

Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). "If an agency has exclusive jurisdiction to resolve a dispute, a party must first exhaust administrative remedies before a trial court has subject matter jurisdiction." *O'Neal v. Ector Cnty. Indep. Sch. Dist.*, 251 S.W.3d 50, 51 (Tex. 2008). Whether an agency has exclusive jurisdiction is a question of law that

we review de novo. *Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 222 (Tex. 2002).

The exhaustion of administrative remedies doctrine provides that when an agency has exclusive jurisdiction over a dispute, courts have no subject matter jurisdiction until the party has exhausted all of the administrative remedies within the agency. *See In re Entergy Corp.*, 142 S.W.3d 316, 321 (Tex. 2004) (orig. proceeding). "Until the party has exhausted all administrative remedies, the trial court lacks subject matter jurisdiction and must deny any claim within the agency's exclusive jurisdiction." *Id*. at 321-22. The Texas Workers' Compensation Act vests the Division of Workers' Compensation (DWC) with exclusive jurisdiction to determine a claimant's entitlement to medical and income benefits. *See Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 803 (Tex. 2001). The Act provides for a dispute resolution process consisting of four possible steps. *See* TEX. LABOR CODE ANN. §§ 410.021-410.308 (West 2015). The steps consist of (1) a non-adversarial, informal review process called a benefit review conference; (2) a contested case hearing; (3) a review by an administrative appeals panel; and finally, (4) judicial review. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 437 (Tex. 2012). "A claimant is not required to continue through every step; the provisions of the Act contemplate that disputes may be resolved at any level." *Id*. A party who has exhausted his administrative remedies may seek judicial review. TEX. LABOR CODE ANN. § 410.251 (West 2015).

In advancing its argument, Texas Mutual relies on *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001). In *Fodge*, the Texas Supreme Court recognized that the Texas Workers' Compensation Act vests the power to award workers' compensation benefits solely in the Workers' Compensation Commission,[1] subject to judicial review. *Id.* at 803. It explained that the

---

[1]The Commission has been replaced by the Division of Workers' Compensation (DWC) of the Texas Department of Insurance. *See* TEX. LABOR CODE ANN. § 402.0215 (West 2015) (providing that a reference to the former Texas

Commission has jurisdiction over disputes concerning income benefits, and the decision of its hearing officer is final unless it is appealed. *Id*. It further explained that allowing courts to award damages for wrongful deprivation of benefits circumvents the Commission's jurisdiction and is not permitted. *Id*. at 804. "[J]ust as a court cannot award compensation benefits, except on appeal from a Commission ruling, neither can it award damages for a denial in payment of compensation benefits without a determination by the Commission that such benefits were due." *Id*. We agree with Texas Mutual that *Fodge* is dispositive of this appeal. Under the guidance provided by *Fodge*, the trial court had no jurisdiction to compel Texas Mutual to continue to pay workers' compensation income benefits to Vasquez or to sanction Texas Mutual for its failure to pay such benefits. *See id*.

Our conclusion is consistent with *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). In *Ruttiger*, the workers' compensation carrier asserted that the trial court lacked jurisdiction over a worker's claim-handling suit because the DWC had not made a determination that the worker was entitled to the specific benefits that were denied or delayed. *Id*. at 436. The Texas Supreme Court disagreed, explaining that the worker had exhausted his administrative remedies as to his claims that the carrier had delayed in paying income benefits. *Id*. at 437. In *Ruttiger*, the parties had entered into a benefit dispute agreement which included the specific dates for which income benefits were payable, and this agreement was approved by the Commission. *Id*. In light of the worker's exhaustion of administrative remedies, the Texas Supreme Court concluded that the trial court had jurisdiction over the worker's claims for delayed payment of income benefits. *Id*. Here, by contrast, there was no evidence of a determination by DWC that income benefits were due. Nor was there any evidence that Vasquez had entered into a benefit

---

Workers' Compensation Commission means the division of workers' compensation of the Texas Department of Insurance).

review agreement or, for that matter, participated in any of the steps in the administrative dispute resolution process established by the Act. Thus, we conclude that Vasquez failed to exhaust his administrative remedies before seeking judicial review in the trial court.

For these reasons, we conclude the trial court erred in denying the plea to the jurisdiction. We grant Texas Mutual's plea to the jurisdiction and dismiss Vasquez's claims against Texas Mutual. Furthermore, because the trial court had no jurisdiction over the parties' dispute, we vacate the trial court's order directing Texas Mutual to pay workers' compensation benefits and sanctions. In light of our disposition of Texas Mutual's first issue, we need not address its second issue. *See* TEX. R. APP. P. 47.1 (requiring appellate court to address only those issues necessary to the final disposition of the appeal).

Karen Angelini, Justice