**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 02-20169

_____

DAVID GREGSON, CATHY GREGSON

Plaintiffs-Appellants,

versus

ZURICH AMERICAN INSURANCE COMPANY, ET AL

Defendants,

ZURICH AMERICAN INSURANCE COMPANY; ZURICH
AMERICAN INSURANCE COMPANY OF ILLINOIS; ECKERD
CORPORATION

Defendants-
Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

March 7, 2003

Before KING, Chief Judge, and DeMOSS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT:

Appellants, David and Cathy Gregson ("Gregsons") appeal the district court's dismissal of

their complaint for failure to exhaust administrative remedies under Federal Rules of Civil Procedure

Rule 12(b)(6).  For the following reasons, we reverse and remand for further proceedings.

**I.  FACTS AND PROCEEDINGS**

David Gregson ("Gregson") sustained an injury while at work, which required back surgery. Following surgery, Gregson's physician prescribed him an antibiotic called Levaquin to prevent infection. Gregso n attempted to have the prescription filled at Eckerd Pharmacy on a Friday, but Zurich American Insurance Company ("Zurich") denied coverage for the medication. Over the weekend, Gregson repeatedly tried to contact Zurich, but to no avail. Gregson made a second attempt at filling the prescription on the following Monday, but was unsuccessful. Gregson then discovered that he was suffering from a staph infection, which required hospitalization and two additional surgeries. While hospitalized, doctors administered Levaquin to Gregson.

Gregson alleges that the subsequent surgeries were the direct result of Zurich's failure to approve and cover the Levaquin prescribed by his physician. Gregson filed suit against Zurich seeking to recover damages for both contractual and extra-contractual breaches based on Zurich's denial of the medication.

## II. DISCUSSION

The district court based its decision to grant Zurich's motion to dismiss on Gregson's failure to exhaust his administrative remedies through the Texas Workers' Compensation Commission ("TWCC"). We review *de novo* the grant of a 12(b)(6) motion to dismiss. "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). This Court construes the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). This strict standard of review may be summarized as follows: "[t]he question therefore is whether in the light most favorable to the plaintiff and with every

2

doubt resolved on his behalf, the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969).

The TWCC is vested with the exclusive authority to award compensation benefits by the Workers' Compensation Act subject to judicial review. *See Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 612 (Tex. 1996). However, if one alleges a claim arising under a body of law other than the Act, there is no duty to present the claim to the TWCC first. *Cigna Ins. Co. of Texas v. Killion*, 50 S.W.3d 17, 20 (Tex. App. 2001).

On appeal, Gregson contends that the district court erred in ruling that he had to exhaust his administrative remedies with the TWCC before he could pursue a civil action against Zurich. Based on TWCC Advisory Opinion 98-06, Gregson argues that Zurich had no right to dispute treatment for which preauthorization was not required. Gregson further argues that there was no administrative remedy available to him because Medical Dispute Resolution is only available for disputes over the reimbursement of the expense of medical treatment—not disputes as to whether or not the treatment should have been provided. Moreover, Gregson submits that the TWCC does not have jurisdiction over his claim because it is extra-contractual in nature. Zurich, however, claims that before Gregson could bring his extra-contractual claims, he had to receive a determination from the TWCC that he was entitled to the prescription medication pursuant to the Workers' Compensation Act, and that such administrative review was available.

Zurich submits that this Court's decision is constrained by the Texas Supreme Court's holding in *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex. 2001).[1] In *Fodge*, the question

---

[1] The Texas Supreme Court decided *Fodge* after the district court issued its Memorandum and Order granting Zurich's Federal Rules of Civil Procedure Rule 12(b)(6) motion.

3

was whether "a compensation claimant can prosecute a lawsuit against a carrier to recover benefits and damages resulting from a denial of benefits without a prior determination by the [TWCC] that benefits are due." *Id.* at 801. Fodge claimed benefits from American Motorists Insurance Company ("American") for a back injury she sustained at work. American denied the claim for not being work related and for failing to timely notify her employer. A benefit review officer determined that Fodge suffered a compensable injury which she brought to the attention of her employer in a timely manner. *Id.* at 802. Fodge never alleged that American denied her medical benefits. Neither party appealed the hearing, but Fodge subsequently sued American for allegedly underpaying and delaying payment of temporary income benefits, and denying and delaying payment for medical treatment and prescribed medication. *Id.* Fodge sought damages on several grounds, including damages for "mental anguish resulting from her inability to obtain medical care." *Id.* at 803. The Texas Supreme Court held that Fodge's failure to obtain a *final* ruling from the TWCC on whether or not she was entitled to medical benefits was dispositive of her extra-contractual claims against the defendant insurance carrier.

While some of the facts are similar, this Court is not limited by *Fodge* because Zurich had already agreed to provide coverage for Gregson's back surgery and all other reasonable and necessary medical benefits at the time the dispute arose over the medication. Consequently, the precise question presented here is whether an employee must initiate and exhaust administrative procedures with the TWCC when a carrier, who has agreed to provide all necessary and reasonable medical coverage, denies coverage of a medical benefit incident to the approved medical treatment.

Gregson contends that the answer to this narrower question lies in TWCC Advisory 98-06 ("the Advisory"). While this Court is not bound to follow a TWCC Advisory, it should accord such

4

an advisory opinion some deference so long as it is reasonable and it harmonizes with the plain language of the statute, its origin, and its purpose. *See E.E.O.C. v. Exxon Corp.*, 202 F.3d 755, 758 (5th Cir. 2000). Texas courts similarly accord weight to agency interpretations. *See Gen. Elec. Credit Corp. v. Smail*, 584 S.W.2d 690, 695 (Tex. 1979).

The Advisory at issue concerns the coverage of medical benefits that do not require preauthorization under Texas Administrative Code § 134.600. Prescription medication is not included under § 134.600 as a medical benefit requiring preauthorization. *See* TEX. ADMIN. CODE § 134.600(h). Thus, a requestor or employee need not obtain prospective approval from the insurance carrier "prior to providing the health care treatment or services." TEX. ADMIN. CODE § 134.600(a)(5). The Advisory states that carriers may not prospectively deny medical benefits that do not require preauthorization based on the reasonableness or necessity of the requested treatment. If the requested treatment does not require preauthorization, then the carrier should inform the requesting pharmacy or health care provider that: (1) "the insurance carrier will pay for the reasonable and necessary medical treatment if it is related to the compensable injury;" or (2) "a workers' compensation policy (was/was not) in effect for the date of the injury." If the carrier verifies coverage, it does not "limit the carrier's ability to retrospectively dispute the reasonableness or necessity of treatment after the carrier receives a bill for the services." The Advisory further states that if the carrier prospectively denies treatment or otherwise fails to confirm coverage in the manner suggested by the Advisory, that denial may constitute an administrative violation.

The apparent problem in this case is that Zurich did not follow the procedures outlined by the Advisory and prospectively refused to grant coverage for Gregson's antibiotic instead of lodging a formal dispute with the TWCC or contesting the compensability of Gregson's injury. Indeed, Zurich

5

had already agreed that Gregson's injury was compensable. As such, Gregson was entitled to "all health care reasonably required by the nature of the injury as and when needed." TEX. LABOR CODE § 408.021. It is clear from the record that Gregson was in need of Levaquin after his surgery, and that it was not an unreasonable treatment. The question then, is whether Gregson had a duty to return to the TWCC to initiate administrative proceedings once Zurich refused coverage even though Zurich did not follow the proper channels in refusing coverage. We find that he did not have such a duty.

Parties are entitled to Medical Dispute Resolution to settle disputes that arise with regard to medical benefits in certain situations. TEX. LABOR CODE § 413.031. Texas Labor Code § 413.031(a) confers this entitlement, stating that:

> [a] party, including a health care provider, is entitled to a review of a medical service provided or for which *authorization of payment is sought* if a health care provider is:
> (1) denied payment or paid a reduced amount for the *medical service rendered*;
> (2) denied authorization for the payment of the service requested or performed if authorization is required by the medical policies of the commission; or
> (3) ordered by the division to refund a payment received for a medical service rendered.

(emphasis added). This provision does not apply to Gregson. First, a service was never rendered to Gregson because Eckerd would not fill his prescription as a result of Zurich's refusal to pay. Therefore, even though Zurich denied payment, § 413.031(a)(1) would not apply to give him the right to medical dispute resolution. Moreover, because Gregson sought to fill a prescription, which does not require preauthorization by the insurance carrier, Gregson was never required to seek "authorization of payment." Thus, the provision for the medical dispute resolution process does not apply directly to his situation. No other sections in the Texas Labor Code or Administrative Code require an employee, who seeks a medical benefit for which preauthorization is not required, to

6

exhaust any particular administrative remedy.  As such, we find that Gregson was not required to exhaust an administrative remedy before he pursued his extra-contractual claims in court because the medical benefit he sought—the prescription for Levaquin—did not require preauthorization.

## III.  CONCLUSION

For the foregoing reasons, we reverse and remand to the district court for further proceedings consistent with this opinion.