United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 01-10281
_____

MICHAEL PERRYMAN, Individually and as Executor of the Estate
of Colt Perryman, deceased; BARBARA PERRYMAN, Individually
and as Executor of the Estate of Colt Perryman, deceased,

Plaintiffs - Appellants,

versus

LEE BLOOMFIELD; DALLAS INDEPENDENT SCHOOL
DISTRICT,

Defendants - Appellees.

Appeal from the United States District Court
For the Northern District of Texas
3:00-CV-1014-D

Before DAVIS, CYNTHIA HOLCOMB HALL[*], and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

Mike and Barbara Perryman appeal the district court's dismissal of their 42 U.S.C. § 1983

---

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit against the Dallas Independent School District ("DISD") and Lee Bloomfield (collectively, "the defendants"). The events surrounding the death of the Perrymans' son, Colt Perryman ("the Decedent"), gave rise to this suit. The Decedent fell from a cliff during a DISD field trip to Big Bend National Park.

The Perrymans sued on state-created danger and failure to train theories. Specifically, the Perrymans contend that the defendants acted with deliberate indifference toward the Decedent because they took him to a dangerous place, but did not train him or provide adequate supervision. They also argue that the DISD had a policy of not training its teachers and parent volunteers in the rules of outdoor education and safety. Thus, contend the Perrymans, the defendants' indifference to the foreseeable dangers of the situation was the moving force behind the Decedent's death.

We review a Rule 12(b)(6) dismissal *de novo*. *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003). Such a motion is viewed with disfavor, so we construe the complaint liberally in favor of the Perrymans, and take every fact pled in the complaint as true. *Id.* If, granting every inference in their favor, the Perrymans have stated any valid claim for relief, the district court's ruling should be reversed. *Id.*

This circuit has never explicitly adopted the state-created danger theory. We have, however, indicated that such a doctrine would only apply if the defendants acted with more than mere negligence. Last fall, in *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (en banc), we stated that "in order to state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence." *Id.* at 325. We went on to suggest that, to recover under a state-created danger theory, a plaintiff would have to show "that the defendant state official *at a minimum* acted with deliberate indifference toward the plaintiff." *Id.* at

-2-

326.

Construing the amended complaint liberally, the Perrymans have not alleged more than mere negligence.[1] Thus, they have not alleged a substantive due process violation of the Decedent's rights.

Because the Perrymans have not adequately alleged a violation of the Decedent's substantive due process rights, their failure to train claim also fails. In *City of Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court held that a municipality is not liable under § 1983 unless there is "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Id.* at 385. This presupposes an underlying constitutional deprivation, but the Perrymans have not adequately alleged such a deprivation.

For the foregoing reasons, we AFFIRM the district court's dismissal of the Perrymans' claims against the DISD and Bloomfield.

AFFIRMED.

---

[1] We cannot conclude that it was obvious to the defendants that this type of injury might occur. Likewise, teachers and parent volunteers did attend the trip and hike the trail, so it is not clear that the defendants were more than negligent with regard to supervision.