United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30914
Summary Calendar

_____

JAIME CAPDEBOSCQ, ET AL.,

Plaintiffs,

JAIME CAPDEBOSCQ,

Plaintiff - Appellee,

WHITNI CANDIOTTO,

Intervenor Plaintiff - Appellee,

versus

JOSEPH R. FRANCIS, ET AL.,

Defendants,

JOSEPH R. FRANCIS, MANTRA FILMS, INC.,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
District Court Cause No. 03-CV-556

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PER CURIAM:

This appeal arose from the district court's denial of the

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

appellants' motion to stay trial proceedings pending resolution of a unrelated criminal case. Ordinarily, this Court's jurisdiction is limited to the review of "final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court."[2] Because an order denying a motion to stay is not a final judgment, this Court must first examine the basis for appellate jurisdiction.

## Appellate Jurisdiction

The appellants, Joseph R. Francis and Mantra Films, Inc., maintain appellate jurisdiction exists under the collateral order doctrine. The appellees disagree and have asked this Court to dismiss the appeal. The collateral order doctrine is applicable where (1) the order conclusively determines the disputed question, (2) the issue is important and separate from the merits of the case, and (3) the order is effectively unreviewable on appeal from final judgment.[3]

Whether the district court's order conclusively determined the disputed question. This action arose from the plaintiff-appellees' inclusion on the cover of the video "Girls Gone Wild Doggy Style." The plaintiff-appellees allege that Joseph R. Francis–president and owner of Mantra Films, Inc., and Calvin Broadus, a.k.a. Snoop Doggy Dog, pressured them to pose for them

---

[2]28 U.S.C. § 1291 (2000).

[3]*See E.E.O.C. v. Exxon Corp.*, 202 F.3d 755, 757 (5th Cir. 2000).

2

by flashing their bare breasts, provided them with intoxicants, and assured them that their likeness would not be used for the video. Despite the alleged assurances, the plaintiff-appellees appear on the cover of the video.

The plaintiff-appellees named Francis, Mantra Films and Broadus as defendants in their lawsuit. Six months after the case was filed, Francis and Mantra Films moved to stay trial proceedings pending resolution of a criminal investigation and prosecution against Francis in Florida. Francis and Mantra contended that proceeding with the civil lawsuit would eviscerate Francis's constitutional right against self-incrimination, and expose him to substantial and irreparable prejudice. In the alternative, Francis and Mantra asked the district court to enter a protective order that would preclude discovery into the acts alleged in the Florida criminal proceedings, or ensure that any information obtained from such inquiry was not shared with any third-party, particularly with the Florida prosecutors. After a hearing, the district court denied the motion for a stay, but entered a protective order that prohibited the plaintiff-appellees from inquiring into the Florida proceeding. That order conclusively determined the question of whether trial proceedings would be stayed.

Whether the issue is important and separate from the merits of the case. The issue of whether to stay proceedings in the civil case is important because discovery in the civil case might implicate Francis's right against self-incrimination, and staying the case potentially prejudices the plaintiff-appellees from prosecuting their lawsuit. But staying trial proceedings or proceeding with the case has nothing to do with the merits of either dispute. In the civil case, the plaintiff-appellees complain about an events that allegedly occurred on February 12, 2002, Mardi Gras Day, on Bourbon Street in New Orleans. The criminal proceeding alleges violations of Florida's provisions against racketeering; in particular, counts of alleged sexual activity on the part of Francis during Spring Break 2003 in Panama City, Florida. Francis and Mantra maintain the Florida prosecution intends to use the Spring Break events to prove a pattern and practice on the part of Francis. Because the civil proceeding involves events different from the criminal proceeding, the question of whether the civil case should be stayed is separate from the merits of either case, and does not require this Court to consider the merits of either case.

Whether the order is effectively unreviewable on appeal from final judgment. To be effectively unreviewable on appeal, an issue must be "too important to be denied review and too independent of the cause itself to require that appellate

4

consideration be deferred until the whole case is adjudicated."[4] This Court has exercised jurisdiction over an interlocutory order under the collateral order doctrine where an appeal from a final judgment would result in the loss of a protected liberty interest.[5] The appellants maintain that Francis's right against self-incrimination is too important to be denied appellate review and that denying the request for a stay is effectively unreviewable on appeal from a final judgment because it will result in loss of this protected interest.

The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." This right against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings."[6] "The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely trifling or

---

[4]*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

[5]*See In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994) (considering turn-over of privileged documents as irreparable injury, effectively not reviewable on appeal).

[6]*Lefkowitz v. Turley*, 414 U.S. 414 70, 78 (1973).

5

imaginary, hazards of incrimination."[7]  The right against self-incrimination is undoubtably important, but whether that right is implicated by the district court's order is a more difficult question.

The district court's order required the plaintiff-appellees to "limit their discovery (through depositions or otherwise) to matters based on the conduct surrounding Mardi Gras 2002 in New Orleans, Louisiana (and not Spring Break 2003 in Panama City, Florida)."  Thus, the only harm to befall the defendant-appellants by continuing the civil lawsuit appears to be the discovery of facts related to the appellants' conduct during Mardi Gras incident-the subject of the civil lawsuit.  The appellants, however, maintain this consequence constitutes irreparable harm because the plaintiff-appellees have expressed their intent to share the results of their discovery about the Mardi Gras incident with the Florida prosecutors in an effort to help prove violations of Florida's provisions against racketeering.  Purportedly, information about the Mardi Gras incident could demonstrate a pattern of activity supporting violations of Florida provisions against racketeering.

The Florida criminal information charges Francis and Mantra Films with two counts of violating the provisions of the Florida Statutes that prohibit racketeering, based on conduct that

_____

[7] *Marchetti v. United States*, 88 S. Ct. 697, 705 (1968).

6

occurred "between and including March 3, 2003, and April 3, 2003," in Bay County Florida. The information details 40 specific allegations of incidents of racketeering activity in support of those counts. According to the information, each of the allegations occurred on either March 31, 2003, or April 2, 2003. In addition, the information alleged 17 counts of violations of other sections of the Florida Statutes occurring on March 31, 2003; and 5 counts allegedly occurring on April 2, 2003. The information alleges that each count and each allegation occurred in Bay County, Florida. As a result, answers given in discovery in the civil lawsuit about the events that allegedly occurred on February 12, 2002, in New Orleans cannot incriminate Francis in his criminal proceeding in Florida because the New Orleans events occurred at a different time than the acts alleged in the criminal information. While discovery about the Mardi Gras incident might assist the Florida prosecutor in determining a trial strategy, the information is irrelevant to the allegations in the criminal information and could not be used in the criminal prosecution. This consequence does not implicate Francis's right against self-incrimination because nothing in the record indicates the Florida prosecutor, or any other prosecutor seeks to charge Francis with criminal violations stemming from the February 12, 2002 Mardi Gras incident. Even though a Bay County Sheriff's Department investigator included the Mardi Gras incident in an affidavit, neither the criminal complaint or the

information mentions the incident.  In the absence of at least a criminal investigation into the Mardi Gras incident, Francis does not face any real or substantial harm from discovery in the civil lawsuit.[8]  As a result, the appellants' argument about why the collateral order doctrine applies to this appeal fails, and the doctrine does not apply.  Because the doctrine does not apply, this Court has no jurisdiction over the appeal.  Accordingly, the Court DISMISSES the appeal.

DISMISSED.

---

[8]*See Marchetti*, 88 S. Ct. at 705.