IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 08-0742
════════════
 
In re Liberty Mutual Fire 
Insurance Company, Relator
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
PER CURIAM
 
            

            
Raymond Nickelson seeks bad-faith damages 
against his workers’ compensation carrier, Liberty Mutual Fire Insurance 
Company, for denying preauthorization of medical treatment. But he only alleges 
the carrier turned down office visits (for which preauthorization was not 
required) and possible back surgery (for which preauthorization was not sought). 
By demanding preauthorization when it was not required and failing to request it 
when it was, Nickelson avoided all the administrative 
remedies that governed his claims. As his bad-faith suit could not be brought 
before first exhausting these administrative remedies, the courts below erred in 
denying Liberty’s plea to the jurisdiction.
            
Nickelson alleged total and permanent 
disability from neck and back injuries he received when he jumped off a 
four-foot platform on June 4, 2003. After failing to timely dispute 
compensability, Liberty paid temporary income benefits for seven months and 
medical care that included thrice-weekly chiropractic treatments. Liberty 
stopped paying temporary income benefits in January 2004 when a designated 
doctor found Nickelson had reached maximum medical 
improvement with an impairment rating of zero percent. See Tex. Lab. Code §§ 408.0041, 
.102.
            
Nickelson sought additional temporary income 
benefits through two benefit review conferences, a contested case hearing, an 
appeal to an appeals panel, and finally an appeal in Nueces County district 
court. At about the same time he filed suit, he phoned an adjustor who allegedly 
said Liberty was “not required to pay any more medical visits while my 
impairment rating was being contested.” He also asserted that he “continued to 
try to make appointments with my doctor hoping that [Liberty] would not cut me 
off and worrying that I wouldn’t be seen by the doctors and that I wouldn’t get 
the neck surgery or back surgery I needed when the time came.”
            
A year later, the parties settled all claims except a claim for bad-faith 
denial of access to medical care. Because medical care had not been raised in 
the previous administrative proceedings (which had addressed only income 
benefits), Liberty filed a plea to the jurisdiction seeking dismissal for 
failure to exhaust them. The trial court and court of appeals denied the plea. 
See ___ S.W.3d ___.
            
The Workers’ Compensation Act vests the Workers’ Compensation Division 
with exclusive jurisdiction to determine a claimant’s entitlement to medical 
benefits. See Tex. Lab. Code § 413.031; Am. Motorists Ins. Co. v. Fodge, 63 S.W.3d 801, 803-04 (Tex. 
2001). As Nickelson’s bad-faith 
claim depends upon whether he was entitled to further medical care, that issue 
must first be addressed administratively. Fodge, 63 S.W.3d at 804. As 
it was not, the trial court should have granted Liberty’s plea to the 
jurisdiction and dismissed the suit. See id. at 
805. Its failure to do so is correctable by mandamus to prevent a disruption of 
the orderly processes of government. In re Sw. Bell Tel. Co., 235 S.W.3d 619, 624 (Tex. 2007); 
In re Entergy Corp., 142 S.W.3d 316, 321 (Tex. 2004).
            
Nickelson opposes dismissal on three grounds. 
First, he points to a provision in the parties’ settlement that he “remains 
entitled to medical benefits for the compensable injury in accordance with 
Section 408.021.” The referenced section requires carriers to pay for treatment 
“reasonably required” for compensable injuries, a duty that cannot be cut off by 
settlement. Tex. Lab. Code § 408.021(a), (d). But while 
Nickelson (as all other workers) remained entitled to 
medical care, disputes about whether further care was reasonably required had to 
be pursued administratively; the settlement said nothing about dispensing with 
that.
            
Second, Nickelson argues exhaustion was not 
required of his claims because there were no administrative remedies to exhaust, 
relying on Gregson v. Zurich American 
Insurance Co., 322 F.3d 883, 887 (5th Cir. 2003). In Gregson, the carrier preauthorized back surgery but 
then refused payment for an antiobiotic incident to 
the surgery. Id. at 885-86. We agree that once 
preauthorization for surgery is obtained, it does not have to be obtained again 
for medications incident thereto. But the treatment here was not incident to a 
preauthorized procedure because surgery preauthorization was never requested.1
            
Third, Nickelson argues alternatively that he 
exhausted administrative remedies by requesting approval for treatment which 
Liberty’s adjustor denied in a phone conversation. We disagree that this 
complied with the administrative requirements. Nickelson says he was “worried” about whether he would get 
back surgery but never says he requested preauthorization for it, which was 
required before Liberty had a duty to pay for it. See Tex. Lab. Code 
§ 413.014(c)(1), (d). And preauthorization 
for office visits was not required; nothing prevented Nickelson from seeing a doctor and then seeking 
reimbursement administratively. See Tex. Lab. Code § 413.031. In sum, Nickelson did not seek preauthorization when it was 
required, and did seek it when it was not. A party does not exhaust 
administrative procedures by ignoring the applicable rules.
            
Given the history of disputes between these litigants, we understand 
Nickelson’s “worry” about whether his medical bills 
would be approved. But parties cannot avoid exhaustion of administrative 
remedies because they fear they might not prevail. If the treatment Nickelson was seeking was either unreasonable or 
unnecessary, then it was proper that both he and his doctor should be concerned 
about who was going to pay for it.
            
Accordingly, without hearing oral argument, Tex. R. App. P. 52.8(c), we conditionally 
grant the petition for writ of mandamus and direct the trial court to enter an 
order granting the plea to the jurisdiction and dismissing the case. We are 
confident the trial court will comply, and our writ will issue only if it does 
not.
 
OPINION 
DELIVERED: August 28, 2009







[1] 
The parties disagree whether Nickelson could voluntarily apply for preauthorization for 
office visits under former Commission Rule 134.650, allowing written requests 
for “specific care, which does not otherwise require preauthorization, being 
proposed for the treatment of the current medical condition.” 29 Tex. Reg. 8597 
(2004), repealed by 33 Tex. Reg. 189-90 (2008) (former 28 Tex. Admin. Code § 
134.650). We need not decide whether this rule provided 
administrative review before as well as after Nickelson’s proposed office visit, as he never requested 
either.