**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 24, 2012

No. 10-51042

Lyle W. Cayce
Clerk

BARBARA KOCUREK, Individually, and as Assignee of the Estate of Louis J. Kocurek, and on Behalf of All Others Similarly Situated,

Plaintiff-Appellant

v.

CUNA MUTUAL INSURANCE SOCIETY,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
5:08-cv-00581-FB

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Plaintiff Barbara Kocurek appeals the dismissal of her claims against CUNA Mutual Insurance Company alleging fraud and deceptive practices in the issuance of life insurance policies covering the life of her deceased husband on CUNA's motion to dismiss. Based on our conclusion that the plaintiff has standing to bring all but one of the classes of claims alleged and that the facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-51042

alleged by plaintiff state a legal claim, we reverse in part, affirm in part and remand this case to the district court.

I.

Louis J. Kocurek, as a member of the Firstmark Credit Union, purchased an accidental death and dismemberment (AD&D) policy naming plaintiff, his wife, as the primary beneficiary. The policy, CUNA Policy No. T5903024 (2004 Policy), was issued by the defendant CUNA around November 1, 2004 with a face amount of $200,000. Contingent beneficiaries to this policy were Mr. Kocurek's children from a previous marriage.

After paying the premiums on the 2004 Policy for four months, Mr. Kocurek received a mailing from CUNA offering him additional AD&D coverage. Mr. Kocurek purchased additional AD&D coverage by completing and returning the enrollment form included with the mailing. Around April 1, 2005, CUNA issued a second AD&D policy, No. T8314104 (the 2005 Policy), in the amount of $300,000. The 2005 Policy names Mr. Kocurek's children as primary beneficiaries and the plaintiff as contingent beneficiary. Mr. Kocurek paid the premiums on both policies for over a year and a half until his accidental death on July 27, 2006.

Plaintiff attempted to collect the benefits under the 2004 Policy and the Kocurek children filed a claim under the 2005 Policy. CUNA refused to pay the benefits on the 2004 Policy because of a "one policy only" provision in both policies, which CUNA contends voids the 2004 Policy. That provision reads -

> 11.03 Other Insurance With *Us* and Duplicate Coverage: *You* may not be the *insured* under more than one certificate per participating association. Upon discovery of a duplication, *we* will consider *you* to be covered under the certificate which provides the greatest amount of coverage, and will refund any duplicated premium payments which may have been made by or on your behalf.

No. 10-51042

Plaintiff contends that the above clause is misleading to customers, particularly because the one policy only provision is placed at the end of the policies under the heading "General Provisions," despite the presence of other, more appropriate policy sections.   CUNA also solicits and continues to solicit its current customers with promotional mailings which "offer phantom additional coverage."  Plaintiff complains that the mailings fail to mention the one policy only provision and there is no indication that CUNA has or has ever had a competent system in place to internally discovery and identify duplicate coverage.

Plaintiff alleges three causes of action for behalf of herself and six purported subclasses for false, misleading or deceptive acts or practices, fraud /misrepresentation, and negligence/gross negligence.  CUNA filed a motion to dismiss arguing (1) that plaintiff does not have standing to bring this suit as either the beneficiary or purported assignee of the Kocurek estate, (2) that the plaintiff is not a consumer under the Texas Deceptive Trade Practices Act (DTPA) (if such claims were alleged), (3) that any DTPA claim did not survive the death of the consumer, (4) that plaintiff's misrepresentation claim fails because neither she nor Mr. Kocurek could have reasonably relied on any misrepresentation, (5) that plaintiff's negligence claims fail because plaintiff has not alleged a legal duty owed to her by CUNA, and (6) that the economic loss rule bars all of plaintiff's claims because the claims are contract-based seeking purely economic losses and are therefore governed by the express terms of the policies.  The district court granted the motion.  Plaintiff appeals.

## II.

The district court dismissed Kocurek's claims either on the basis of lack of standing or for failure to state a claim.  This court reviews a district court's dismissal under a Rule 12(b)(6) motion *de novo.  Gregson v. Zurich American Ins.*

No. 10-51042

*Co.*, 322 F.3d 883, 885 (5th Cir. 2003). Such motions are viewed with disfavor and are rarely granted. *Id.* The complaint is construed liberally in favor of the plaintiff and all well pleaded facts are taken as true. *Id.* *Gregson* summarizes this strict standard of review as follows: "the question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Id.* (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)). With this guideline in mind and based on our review of the complaint, we conclude that this case should not have been resolved on a motion to dismiss, except for any claim under the Texas Deceptive Trade Practices Act. Our rationale for this decision follows.

Article III standing requires (1) an injury, (2) a fairly traceable causal link between the injury and the defendant's conduct and (3) that can be redressed by a decision in favor of the plaintiff. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *In re Cao*, 619 F.3d 410, 421 (5th Cir. 2010)(*en banc*). Kocurek's allegations satisfy this test.

The plaintiff alleged fraudulent conduct on the part of the defendant by marketing the 2005 Policy as providing additional insurance, but which by its "one policy only" term terminated her established rights as primary beneficiary under the previously issued 2004 Policy. The district court concluded that because the plaintiff had not alleged injuries caused by the issuance of the 2004 Policy, of which she is the beneficiary, but instead claimed harm from the issuance of the 2005 Policy, she lacked standing because she is not a third party beneficiary of the 2005 Policy. The defendants mirror this argument on appeal. We disagree with that limited reading of the complaint.

Kocurek's claims are not tied to either policy individually but to the defendant's alleged deceptive practice of selling multiple policies to the same

4

No. 10-51042

individual based on mailings that offer additional coverage, when the policies are designed to supercede each other. Because the plaintiff alleged that she lost her right to benefits under the initial 2004 Policy as a result of this conduct, she was harmed by the defendant's conduct, which harm can be redressed by the damages she is seeking in the suit. The defendant does not dispute that a life insurance company may owe a duty to the beneficiaries of its policies as well as the insured with whom it deals directly. Further, at this very preliminary stage of the litigation, it is premature to conclude that the one policy only provision is clear and unambiguous. Although evidence outside the pleadings was not considered in this motion to dismiss, the record indicates a potential ambiguity in the interpretation of the provision. CUNA's answer to an interrogatory indicates a less straightforward reading which belies its contention that the provision operates simply to have one policy supercede any later policies issued to the same insured. Accordingly, Kocurek's individual claims for common law fraud and negligence should have survived defendant's motion to dismiss.

Similarly, the district court erred in dismissing Kocurek's claims under Chapter 541 of the Texas Insurance Code. Kocurek adequately alleged that she was injured by CUNA's action which she argues were unfair or deceptive under § 541.151 *et seq.* of the Insurance Code. Kocurek alleged that she suffered damages as a result of CUNA's circulation of a promotional mailing misrepresenting the benefits or advantages promised by the policy – an act that would be deceptive under §§ 541.051 or 541.061. There is no requirement that Kocurek be a consumer under the policy to bring these claims. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 383-84 (Tex. 2000).

Kocurek's claims under the Texas Deceptive Trade Practices Act were correctly dismissed. Only a consumer may maintain a cause of action directly under the DTPA. Tex. Bus. & Com. Code § 17.50. Since Kocurek's husband, and

No. 10-51042

not Kocurek, actually purchased the policies, Kocurek does not qualify as a consumer under the statute. *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 274 (Tex. 1995) ("A party whose only relationship to an insurance policy is as a beneficiary seeking proceeds is not a consumer under the DTPA). Kocurek argues that she is a consumer by virtue of her community property interest in the policies which were paid for with community funds. However, Kocurek failed to raise this argument timely in the district court. Accordingly, we decline to consider it in this appeal.

Finally, Kocurek argues that she states similar tort and Insurance Code claims on behalf of her deceased husband's estate. However, a careful reading of the complaint reveals that she brings such claims individually and only seeks recovery of any premium payments owed the estate if her individual claims for insurance benefits fail. Kocurek's claims in this capacity were properly dismissed. The district court however noted Kocurek's assertion that she and the executor of her husband's estate had executed an assignment of claims agreement allowing her to pursue her husband's claims in this case and indicated its willingness to allow plaintiff leave to amend on this point. We leave that issue to the discretion of the district court on remand.

### III.

Accordingly, we affirm the dismissal of Kocurek's claims under the Texas DTPA and reverse the dismissal of all other claims brought in Kocurek's individual capacity. We also affirm the dismissal of all claims brought on behalf of the estate of Kocurek's husband except the alternative claim for refund of insurance premiums. As to all claims, we leave to the district court's discretion whether to allow Kocurek to amend or supplement her petition.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.