# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-07-296-CV

VALEAN CHILDERS                                                APPELLANT

V.

GALLAGHER BASSETT                                              APPELLEES
SERVICES, INC., MYRTIS
LACY, AND ZURICH
AMERICAN INSURANCE COMPANY

------------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Valean Childers ("Childers") asserts that the trial

court erred in granting summary judgment to Appellees Gallagher Bassett

Services, Inc. ("Gallagher"), Myrtis Lacy ("Lacy"), and Zurich American

---

[1] *See* TEX. R. APP. P. 47.4.

Insurance Company ("Zurich") (collectively "GLZ"). We affirm in part, and reverse and remand in part.

## II. Factual and Procedural Background

This is the case of "when does the statute begin to run?" This bad-faith lawsuit originated with a workers' compensation claim filed by Childers, wherein she alleged she sustained a compensable injury on February 4, 2003. The defendants include Gallagher, a third party administrator which adjusted Childers' workers' compensation claim; Lacy, an employee of Gallagher who was the licensed adjuster handling the claim, and Zurich, the workers' compensation carrier for the claims. Because numerous dates are involved in this question involving the appropriate statute of limitations, we will set forth a time line of pertinent events:

- 2/4/03-Alleged injury occurred

- 3/6/03-The injury is reported by this date

- 3/7/03-The claim is disputed by the carrier as being untimely filed (the "first dispute")

- 3/29/03-Childers requests a benefit review conference.

- 5/15/03-Benefit review conference is held and Childers prevails

- 7/16/03-First part of contested case hearing

- 8/31/03-Two years before suit is filed

2

- 10/2/03-Conclusion of contested case hearing

- 10/13/03-Contested case hearing ruling is in favor of Childers

- 1/2/04-Appeals panel ruling in favor of Childers

- 7/8/04-Childers' Claim is again disputed by the carrier based on alleged new evidence[2]

- 9/28/04-Decision and Order by Hearing Officer in favor of Childers

- 8/31/05-Bad faith suit filed

On March 6, 2007, GLZ filed a motion for summary judgment based on the two-year statute of limitations. The trial court found that Childers did not timely file suit within two years of the accrual of her cause of action and accordingly granted summary judgment in favor of GLZ. A motion for new trial was overruled by operation of law, and this appeal followed.

### III. The Issue

GLZ asserts that the trial court acted correctly in granting summary judgment based on limitations because the case was not filed within two years of the time that Zurich initially denied Childers' worker's compensation claim. GLZ also asserts that this is also true for the second denial of the claim because Childers suffered no damage from the second denial and there is no authority

---

[2] We will collectively refer to the 1/2/04 panel ruling and Zurich's 7/8/04 dispute of Childers' claim as the "second dispute."

that a subsequent denial restarts the clock running on the statute of limitations.

Childers asserts that the statute of limitations did not begin running on the first denial of her claim until she had exhausted her administrative remedies on February 2, 2004, and, regardless, the second denial began the statute of limitations running on June 28, and July 8, 2004. Hence, she argues her lawsuit was timely brought on August 31, 2005 regarding both denials, and the trial court erred in granting summary judgment.

## IV. Standard of Review

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see* TEX. R. CIV. P. 166a(b), (c). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr.*, 143 S.W.3d at 798.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* TEX. R. CIV. P. 166a(b), (c). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative

4

defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex. 1996). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

### V. Limitations

A statute of limitations begins to run when the cause of action accrues. *Tectonic Realty Inv. Co. v. CNA Lloyd's of Tex. Ins. Co.*, 812 S.W.2d 647, 652 (Tex. App.—Dallas 1991, writ denied). A cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy. *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 100 (Tex. 1994). A bad faith cause of action involving an insurance claim accrues on the date the insurer denies coverage. *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990). This same rule is applicable to insurance code and DTPA claims. *Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 671 (Tex. App.—Texarkana 1996, writ denied). Intentional infliction of emotional distress is also governed by the two year statute of limitations. *Bhalli v. Methodist Hosp.*, 896 S.W.2d 207, 211 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Hence, all of Childers' claims are governed by a two-year statute of

limitations, and all stem from the bad faith allegations. *See generally* TEX. INS. CODE ANN. 21.21 § 16(d) (Vernon 2005), *repealed by* Act of May 23, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), 2003 TEX. GEN. LAWS 3611, 4138; TEX. INS. CODE § 541.162 (Vernon Supp 2008); TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon Supp. 2008); TEX. CIV. PRAC. & REM. CODE § 16.003(a) (Vernon Supp. 2008).  We must therefore address whether Childers' cause of action accrued more than two years prior to the date that she filed suit—August 31, 2005—to determine whether the granting of GLZ's motion for summary judgment is proper.

## VI.  Analysis

### A.  The First Denial—March 2003

Both parties cite and discuss *American Motorists Insurance Co. v. Fodge*, 63 S.W.3d 801 (Tex. 2001), as it impacts the limitations issue.  The question presented to our Supreme Court was

> whether a compensation claimant can prosecute a lawsuit against a carrier to recover benefits and damages resulting from a denial of benefits without a prior determination by the Texas Workers' Compensation Commission that benefits are due her.  We hold that she cannot do so.

*Id*. at 802.  This case stands for the proposition that just as a court cannot award compensation benefits under the Worker's Compensation Act because that determination must go through the administrative process, neither can the

6

court award damages for the denial of compensation benefits absent a holding made through the administrative process that such benefits were due. *Id*. at 804. Hence, "the process precludes bad faith liability for denying benefits to which the claimant is not entitled." *Id*.

Childers takes the position that as a result of the *Fodge* holding, there is no claim for bad faith until the procedures under the Texas Workers Compensation Act have been concluded because, in essence, she has no entitlement to benefits that have been wrongfully denied, until that entitlement has been determined under the Act. Were it otherwise, she argues, presumably it could necessitate filing a bad faith case following the initial denial of benefits by the carrier, only to have the case dismissed if under the Act it was subsequently determined that she had not been entitled to benefits.

GLZ takes the position that not only has our Supreme Court rejected Childers's argument regarding the accrual of the limitations period, but that if her position was correct, a claimant could delay indefinitely completing the administrative process and then have an additional two years in which to file suit for bad faith. In short, they argue there is no statute, case law, or reasoning to support her position.

As our sister court has explained,

7

damages constituting recovery of lost compensation benefits must be pursued via the Act regardless of the legal theory through which they are sought. Thus, the injury sought to be recompensed and the purpose of the relief are all important. If the relief serves to recompense the wrong or injury which was originally redressed under the Act . . . then the Act controls their recovery. But, if it serves to recompense some wrong independent of the original injury compensable under the Act . . . then the Act and its restrictions are inapplicable. . . . Escajeda did not have to exhaust any administrative remedy, and the trial court had jurisdiction to consider that aspect of her 21.21 and 17.46(a) suit. Finally, though this could result in piecemeal litigation, the Texas Supreme Court long ago recognized and approved that possibility in a suit such as this.

*Escajeda v. Cigna Ins. Co. of Tex.*, 934 S.W.2d 402, 406-07 (Tex. App.—Amarillo 1996, no writ).

The parties dispute whether *Fodge* has overruled *Escajeda.* Without becoming involved in that dispute, it is apparent that part of the reasoning in *Escajeda* is sound. Much of our jurisprudence involves the ability to avail oneself of our court system only after administrative remedies are exhausted. This presupposes, of course, that the requested remedy in our court system is the same as was sought in the administrative process. Here, however, the redress sought through the court system—the bad faith claim—is not the same redress as sought through the administrative process—the worker's compensation claim. Therefore, we hold that the accrual of the limitations period for a bad faith claim does not await the outcome of the administrative

8

process, but rather begins at the same time as any other bad faith claim not connected to our Worker's Compensation Act remedies, and that accrual is on the date the insurer wrongfully denies coverage. We overrule Childers' first issue.

### B. The Second Denial — June/July 2004

It is undisputed that Childers filed suit within two years of the second denial of her benefits, which the parties have referred to as the "second dispute."

GLZ takes the position that Childers was allegedly "injured" as a result of the initial denial of her claim on March 7, 2003, and that there was no new damage or injury resulting from the second dispute. GLZ also argues that although damage may continue to occur after a wrongful denial of benefits, this does not prevent limitations from commencing to run. *See Murray*, 800 S.W.2d at 828. Hence, they assert that the second denial did not restart the limitations clock.

Childers takes the position that the facts of this case are clearly distinguishable from *Murray.* In the *Murray* case, damages continued to occur after the denial, whereas here, the initial claim and dispute were resolved and benefits were paid. Then, argues Childers, she was again damaged when the

9

second dispute occurred, that is, when there was another denial on allegedly new grounds and benefits again were stopped.

We agree with Childers' argument. The first denial had been fully and finally resolved in Childers favor before the second two denials occurred in June and July of 2004. These are separate incidents theoretically given rise to a new bad faith claim. If timely claims for additional payments by an insured can give rise to "the statute of limitations running anew," then it follows that additional denials of coverage after an initial denial has been fully and finally resolved starts the running of the statute of limitations on the new denial. *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi 1998, no pet.). We sustain Childers' issue number two and hold that the lawsuit filed by Childers on August 31, 2005, was not barred by the statute of limitations as it related to the disputes of the claim by the carrier filed June 28, 2004, and July 8, 2004. Our disposition of issue one affirms that the statute of limitations had run on her August 31, 2005 lawsuit as it related to the dispute of the claim by the carrier filed March 7, 2003.

## VII.  Conclusion

Having overruled Childers' first issue and sustained her second issue, we affirm the trial court's judgment in part, and reverse and remand in part.


BOB MCCOY
JUSTICE

PANEL A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

CAYCE, C.J., concurs without opinion.

DELIVERED: April 3, 2008

11